Mrs. Carrie Mildred GINN

v.

Anthony J. CELEBREZZE, as Secretary of the Department of Health, Education and Welfare.

Civ. A. No. 9214.

United States District Court
W. D. Louisiana,
Monroe Division.

Dec. 30, 1963.

James Madison, Madison, Madison, Files & Garrett, Bastrop, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

This action is brought pursuant to 42 U.S.C. § 405(g) seeking review and reversal of a final decision by defendant denying plaintiff's application for Social Security disability benefits and establishment of a period of disability. The case is submitted for decision upon motions by both parties for summary judgment on the administrative record and supplemental documentary evidence.

Plaintiff, Mrs. Carrie Mildred Ginn, became ill on August 2, 1961, and was hospitalized for over a week. Her con-

dition was diagnosed as arteriosclerotic heart disease with angina pectoris. She had experienced pains in her chest and shortness of breath. Since her release from the hospital she has made regular visits, now on an approximate once-a-month basis, to her physician.

Her discomfort has been controlled largely by heart medicine which she takes in the morning and evening, and nitroglycerine tablets two or three times a day as needed to relieve any pain in her chest. She claims she still experiences shortness of breath after mild exertion, such as walking a block. At the time of the hearing, she was fifty-eight years old, had experienced some mild bladder trouble and a minimal arthritic condition involving her neck and shoulders.

Two doctors who had examined her applied the American Heart Association standard classification for heart diseases and described her arteriosclerotic heart disease as being in Class IIC. This category fits patients whose ordinary activities should be moderately restricted and whose strenuous activities should be discontinued. Such persons are likely to experience fatigue and shortness of breath from ordinary physical activity. Although the hearing examiner apparently placed much weight upon this medical classification, there was additional evidence which indicated plaintiff was capable of performing "substantial gainful activity," as defined by the Act.

Prior to her latest illness, in August, 1961, plaintiff had a wide variety of business experience. She acquired an eleventh grade education, married, and then served as housewife, telephone operator, helper in a printing shop, waitress and cashier, saleslady, bookkeeper and general office worker, and finally as cashier for a Chevrolet dealer. She has an invalid daughter thirty-eight years old, and, as one doctor stated, plaintiff's condition does not allow her to perform her duties at home *and work*. Another expressed the opinion that she was unable to do physical labor or sedentary work of more than a moderate degree.

These facts indicate that the Examiner was correct in determining that plaintiff is not "disabled," within the meaning of that term as defined by the Social Security Act (42 U.S.C. § 423(c) (2)).[1] In order to decide whether there is substantial evidence to sustain defendant's ruling, that which detracts from it also must be considered. However, the Secretary's findings of fact and reasonable inferences drawn therefrom are conclusive if supported by substantial evidence.[2]

Where there is substantial evidence favoring conflicting conclusions, so that the trier of fact would be justified in determining either that disability existed or that it did not, then the court may not overrule the Secretary's determination.[3]

Sebby v. Flemming, 183 F.Supp. 450 (W.D.Ark.1960), is relied upon principally by plaintiff, but that case is distinguishable on its facts. There the plaintiff had about one heart attack a week and lost consciousness during some of his more severe attacks. Two doctors classified his functional capacity as Class III, and even defendant's doctor classified it as II or III. Class III indicates a marked limitation of ordinary activities. A decision more nearly analogous to the present action is Stoliaroff v. Ribicoff, 198 F.Supp. 587 (D.C.1961). In that case the plaintiff had a cardiac impairment classified as Class IIC; he had been retired

---

1. "(2) The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."

2. Social Security Act, § 205(g), 42 U.S.C. § 405(g) (As amended 1960); Hoffman v. Ribicoff, 305 F.2d 1 (8th Cir. 1962); Sherrick v. Ribicoff, 300 F.2d 494 (7th Cir. 1962).

3. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963); Celebrezze v. Maxwell, 315 F.2d 727 (5th Cir. 1963).

from his job as physically disabled and some evidence indicated that at most he could perform only light work for two hours a day, five days a week. The court upheld a ruling that he was not disabled within the meaning of the Act.

Although we feel that plaintiff is entirely sincere in her belief that she is totally disabled, substantial evidence in the record supports the Hearing Examiner's conclusion that most of her inactivity is self-imposed and that if, possibly with internist and psychiatric assistance, she would overcome her fear she again could engage in her customary occupation.

The Secretary's determination that plaintiff does not meet the disability requirements of the Act being thus supported, his decision must be affirmed, and his motion for summary judgment is granted.

Proper decree should be presented.