Joseph N. MISCHLER, Sr., Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 12820, Division D.

United States District Court
E. D. Louisiana,
New Orleans Division.

March 10, 1964.

Hooper, Schmidt & Early, Thomas A. Early, Jr., New Orleans, La., for plaintiff.

Gene S. Palmisano, Asst. U. S. Atty., New Orleans, La., for defendant.

AINSWORTH, District Judge:

This is an action for review of a decision of the Secretary of Health, Education and Welfare, which became final on September 7, 1962 when the Appeals Council denied the plaintiff's request for review of the hearing examiner's decision which denied his application for disability benefits and eligibility for a disability freeze as defined in 42 U.S.C. §§ 416 and 423.

Motion for summary judgment has been filed by defendant on the ground that the findings of the Secretary are supported by substantial evidence as shown by the pleadings and the record of the administrative proceedings.

The special earnings requirements for the determination of plaintiff's application have been met and will continue to be met through September 30, 1964.

Plaintiff is a 44-year-old male. He complains generally of blindness in the right eye, a shortened, crippled right leg which causes a limp, limitation of motion and soreness in the right hip, numbness in the right leg, pressure and swelling in his head at the site of an old gunshot injury, sensitivity of the skin, impairment of perception of light touch, temperature, pin prick and vibratory sense. He has had formal schooling through part of the 7th grade, motor maintenance schooling while in the Army, and on-the-job G. I. training in plumbing and cabinetmaking.

His record of employment shows that he worked as a plumber until he entered the service in 1942, performed maintenance work on motors while in the service, and subsequent to a disability discharge from the Army in April 1945 worked for a short time at a body and fender shop, delivered bills for the Sewerage & Water Board of New Orleans for about eighteen months, worked again as a plumber for about two years, as a longshoreman for eight years, and again as a plumber for a short time until the early part of 1960, when he quit because, as he testified, he could no longer work because of his leg, his eye and asthma.

At the hearing plaintiff was not represented by counsel. The only medical evidence upon which the hearing examiner based his conclusions was that supplied by the Veterans Administration and the written reports of three doctors who examined plaintiff at government expense.

Dr. William F. Kliesch commented that "This man's greatest difficulty is neither his leg nor his lungs. He would prefer to assume a dependent attitude towards life and its problems. He has even moved home to mother."

Dr. Robyn Hardy, who examined plaintiff's heart and chest area, concluded that that "The chest is negative, roentgenographically."

Neither Dr. Kliesch nor Dr. Hardy expressed an opinion as to plaintiff's ability to return to work. Of the three doctors who examined plaintiff and submitted reports, only Dr. H. R. Soboloff made any comment pertinent thereto.

Dr. Soboloff reported:

"From an orthopedic standpoint, we do not feel that this man is qualified or able to do any sort of heavy, laboring work. However, he could be trained in some sort of bench job where he would be able to sit most of the time, as he can get about fairly well otherwise. As he has one eye missing, I do not know how much of a handicap this would be for this type of work, but from an orthopedic

standpoint we feel that bench work or clerical work are all that he could manage. If he cannot be trained for this type of work, he is permanently and totally disabled."

■ The Veterans Administration has found him to be one hundred per cent disabled. While this finding of disability by another agency is not binding upon the Secretary, it is entitled to some weight in evaluating plaintiff's condition. Particularly is this so under the present circumstances where the only additional medical evidence as to plaintiff's ability to work, i. e., that contained in Dr. Soboloff's report, is substantially the same, qualified only by the doctor's suggestion of possible training for bench work or clerical work.

There are no medical opinions in the record contrary to that of Dr. Soboloff, that this man is not qualified or able to do any sort of heavy, laboring work.

■ The standard used for determining whether or not a person can engage in any substantial, gainful activity must have reference to a claimant's education, training, experience and physical and mental capacities, in addition to the effect of the impairment on former work activities. Aaron v. Fleming, M.D.Ala., 1958, 168 F.Supp. 291. See also Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591.

The record shows that plaintiff has a very limited education; has never done work other than heavy, laboring work; is a person of "low average mental capacity"; that he has attempted to obtain employment but was unsuccessful because of his physical impairments; and that since his discharge from the Army plaintiff receives treatment from the Veterans Hospital once to three times a week. Measured by the standards enunciated in Aaron v. Fleming and Butler v. Flemming, supra, there is nothing in the record in its present state to show that plaintiff can engage in any substantial activity.

■ As stated by the Fifth Circuit in Celebrezze v. O'Brient, 5 Cir., 1963, 323 F.2d 989, "When a claimant's former employment is the only type of work he is capable of performing, then 'former work' means 'any work' and the requirements of the Act are met." Here, plaintiff's former work is the only work he is capable of doing, but by the weight of the evidence in the record, he is physically incapable of performing his former work.

■ We are of the opinion that the findings of the Secretary are not supported by substantial evidence sufficient to determine that plaintiff is not entitled to disability benefits. 42 U.S.C. § 405.

Accordingly, defendant's motion for summary judgment is denied. The matter is remanded to the Secretary with the direction that additional evidence be taken to determine whether plaintiff has the ability and the opportunity to engage in any substantial, gainful work, commensurate with his education, training, experience and physical and mental capacities. This determination should be made consistent with the views expressed in this opinion and based on current comprehensive medical evidence. It is so ordered. Judgment accordingly.