Jess Willard **CALLAHAN**, Plaintiff,

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education and Welfare of the United States, Defendant.

Civ. No. 2293.

United States District Court
W. D. North Carolina,
Asheville Division.

June 21, 1965.

J. William Russell, Asheville, N. C., for plaintiff.

William Medford, U. S. Atty., and James O. Israel, Jr., Asst. U. S. Atty., Asheville, N. C., for defendant.

CRAVEN, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying a claim for a period of disability and disability insurance benefits under Sections 216(i) and 223 of the Act, 42 U.S.C.A. §§ 416(i) and 423. Both parties have filed motions for summary judgment.

On October 11, 1962, Jess Willard Callahan filed his application for benefits alleging that he had been unable to work since August 1961 because of "heart trouble, asthma, stomach ulcers—and—glands." Upon denial of the claim, Callahan, on December 23, 1963, requested a hearing. On January 23, 1964, the Hearing Examiner denied the claim because of Callahan's failure to show that he was disabled within the meaning of the Act. On September 27, 1964, the claimant's request for review was denied by the Appeals Council and the Hearing Examiner's decision became the final administrative decision on the claim.

The sole issue on appeal in this court is whether the findings of the Secretary based on the findings of the Hearing Examiner are supported by substantial evidence. See Jenkins v. Celebrezze, 335 F.2d 6 (4th Cir. 1964); Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962); Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962).

■ In order to establish his claim for a period of disability and disability insurance benefits, claimant must show that he was under a disability, as defined in the Act. Disability under the Act means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * *." 42 U.S.C.A. § 416(i) (1) (A).

"The term 'period of disability' means a continuous period * * * during which an individual was under a disability * * *." 42 U.S.C.A. § 416(i) (2).

■ A finding concerning ability or inability to engage in substantial gainful activity involves essentially four elements of proof: (1) the objective medical facts, (2) the medical diagnosis, (3) subjective elements of pain and disability, and (4) claimant's educational background, age and work history. Underwood v. Ribicoff, supra.

These principles applied to the evidence in this case present the following picture. Claimant is fifty years old with a very limited education, and as stated by a field representative of the Department of Health, Education and Welfare, "he could not qualify for any work other than the types he has formally done. He has no special skills or techniques."

Callahan, who has been self employed most of his adult life, has always engaged in arduous physical labor—mica mining or logging. He has recently tried the shrubbery business, planting trees whose marketable value would be less than four hundred dollars per year if sold. He will not plant any more trees because he is unable to do so.

Callahan has testified that he is unable to exert himself; that he suffers from shortness of breath, chest pain and pains in his left arm, and that he must frequently sit up at night because of pain and nervousness. He is, however, able to take care of his own personal needs, and can drive a car for short periods of time.

The Hearing Examiner found that the medical evidence showed claimant to have a long history of bronchial asthma, as well as electrocardiogram evidence of a right bundle branch block, elevated blood pressure, prostatitis, and rheumatoid arthritis causing five percent limitation in flexion and extension of finger joints.

The Government, in its brief, concedes that claimant's respiratory and cardiac condition would prevent Callahan from resuming active mica mining, as he had previously done.

All the physicians who examined Callahan agreed that he should do no strenuous work. Two spoke in terms of disability. One doctor stated that Callahan was totally disabled, and the other, although advising Callahan to refrain from exerting himself, felt that he was not completely unable to work.

In commenting upon the medical evidence, the Hearing Examiner stated: "It should be stressed that a determination of 'disability', as defined in the Social Security Act, is to be based primarily on medical considerations. While nonmedical factors are also entitled to weight in the ultimate conclusion, there must exist a significant medically determinable impairment * * *."

■ In these cases great weight must be accorded the objective medical evidence; however, the subjective findings and symptoms as relate to the particular individual involved are not to be ignored. See Ber v. Celebrezze, 332 F.2d 293 (2d Cir. 1964); Jarvis v. Ribicoff, 312 F.2d 707 (6th Cir. 1963). This is necessary to prevent the test for disability from becoming one solely of clinical findings based on the "theoretical man" standard.

The medical evidence in this case clearly shows medically determinable impairments; the conflict in the evidence is only as to the degree of severity of the impairments.

The situation, in summary, is that of a man fifty years old with a sixth grade education who is afflicted with a heart

condition and other ailments, and who is equipped for no occupation other than strenuous physical labor. That he has been effectively removed from the labor market by his afflictions is hardly deniable. Theoretically he is capable of engaging in some other type of substantial gainful employment. Realistically he is not. That he might do so is speculative and insufficient reason for denying the claim.

It is my conclusion, based on the entire record of objective medical evidence, subjective evidence of incapacity, and claimant's educational bankground, work history and age, that the decision of the Hearing Examiner is not supported by substantial evidence. The decision of the Hearing Examiner is, therefore, reversed with directions to enter an award in favor of the claimant in accordance with this opinion.

Claimant's motion for summary judgment is allowed; the motion of the Secretary for summary judgment is denied.