**Floyd P. MORGAN, Plaintiff,**

v.

**John GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 6256.**

United States District Court
N. D. Oklahoma.

June 2, 1966.

A. H. Slemp, Jr., Tulsa, Okl., for plaintiff.

Lawrence A. McSoud, Asst. U. S. Atty., Tulsa, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

The plaintiff, by his Complaint, seeks a review and reversal or remand of a decision of the Appeals Council of the Bureau of Hearings and Appeals denying to the plaintiff a period of disability and disability benefits under Sections 216(i) and 223(a) of the Social Security Act (42 U.S.C., Sections 416(i), 423(a)). The Appeals Council Decision is the final order of the Secretary of Health, Education and Welfare and pursuant to Section 205(g) of the Social Security Act (42 U.S.C., Section 405(g)) the plaintiff has sued to set aside the administrative decision of the Secretary. Under Sec-tion 205(g) the Court has the power to affirm, modify or reverse the Decision of the Secretary, with or without remanding the cause for hearing, but the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.

The plaintiff claims that the Decisions of the Hearing Examiner and Appeals Council were unreasonable, arbitrary and capricious, and not in accordance with the medical evidence; that he should be allowed to introduce additional medical evidence; and that the findings of the Hearing Examiner and Appeals Council are contrary to the Social Security Act. Defendant answers by stating that the findings of fact are supported by substantial evidence, and that the Court should dismiss the Complaint in accordance with Section 205(g) of the Social Security Act, as amended, and affirm the Decision of the Appeals Council.

The Appeals Council determined that the plaintiff was not entitled to a period of disability, or disability insurance benefits, under Section 216(i) and 223, respectively, of the Social Security Act, as amended, and made the following Findings:

"1. The claimant met the special earnings requirements for the purpose of entitlement to disability insurance benefits;

2. The claimant has no significant impairment of cardiovascular function by reason of hypertension, arteriosclerotic heart disease or generalized arteriosclerosis;

3. The claimant sustained no significant diminution of functional capacity by reason of hemorrhoids, prostate trouble, shoulder pain, leg cramps, irritable duodenal bulb, and/or inguinal hernia;

4. The claimant has an inadequate personality and some anxiety which imposes no limitation on his ability to work;

5. The claimant's impairments either singly or in combination

are not shown to be of such severity as to prevent him from returning to his usual occupation as a truckdriver or to any of the other various occupations in which he has engaged in the past;

6. The claimant was not under a 'disability,' as defined in the Act, at a time for which his application of October 10, 1962, was effective."

The test for disability consists of two parts: (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination of whether or not that impairment results in an inability to engage in any substantial activity. Janek v. Celebrezze, 336 F.2d 828 (Third Cir. 1964). In addition, there are four elements of proof to be considered in making a finding of claimant's ability or inability to engage in any substantial gainful activity. These are: (1) the objective medical facts, which are the clinical findings of treating or examining physicians divorced from their expert judgment or opinions as to the significance of these clinical findings, (2) the diagnoses, and expert medical opinions of the treating and examining physicians on subsidiary questions of fact, (3) the subjective evidence of pain and disability testified to by claimant, and corroborated by relatives and neighbors with due consideration for credibility, motivation and medical evidence of impairment, (4) claimant's educational background, work history, and present age. Callahan v. Celebrezze, 242 F.Supp. 507 (W.D. North Carolina—1965).

The plaintiff testified he was 52 years of age, 5'6½" in height, and weighed approximately 130 pounds. His family consists only of his wife who is employed at a salary of approximately $200 per month. They live on a 20 acre farm which includes pasture land, chickens, and cows. The plaintiff has a seventh grade education, no vocational skill training, has work experience as a carpenter, elevator operator, delivery boy, fry cook, military service (U. S. Navy— cook), farm laborer, welders helper, security guard, and truck driver. He receives a pension of an unknown amount from the Veteran's Administration and public welfare assistance in the form of surplus commodities.

The plaintiff's subjective medical evidence adduced at the hearing before the Hearing Examiner included complaints of three heart attacks or dizzy spells from 1962 to 1965, fainting, muscle and joint cramps, hypertension, and nervous stomach. He stated on his application for disability insurance benefits dated October 10, 1962, that his impairments were hypertension, heart condition, and nervous stomach. He has been taking prescription medication for nerves, GI symptoms, and heart.

Objective medical evidence included reports submitted by Veteran's Administration Hospital, Muskogee, Oklahoma and Drs. Eric M. White, Roger Paul, Robert E. Ashley, V. William Wood, and James C. Peters. The plaintiff has been a patient of Dr. White for several years and he diagnosed plaintiff's impairments as generalized arteriosclerosis and arteriosclerotic heart disease. Objective findings were irritable duodenal bulb, recurrent ventricular systole with definite abnormal record, and calcific plague in the aortic knob. Later reports by Dr. White reflected internal and external hemorrhoids, possible prostate trouble, shoulder pains, and leg cramps. The report from the Veteran's Administration Hospital revealed plaintiff was an inpatient there from June 14, 1962 until June 28, 1962, and examinations at that time showed normal blood pressure and heart sounds, no enlarged heart, normal GI series, possible calcific plague in the aortic knob, and a definitely abnormal electrocardiographic tracing showing frequent premature ventricular systoles. Dr. Roger Paul reported normal cardiac size, no evidence of cardiac failure, severe anxiety tension state, and concluded by recommending psychiatric evaluation. An examination was also conducted by Dr. Wood and the electrocardiogram was

within normal limits, routine laboratory tests were satisfactory, and there was an occasional premature ventricular contraction. Dr. Wood concluded by stating there is no evidence of organic heart disease.

A psychiatric evaluation was performed by Dr. Ashley who concluded as follows: "It is my impression that this man is best described as an inadequate personality. However, he obviously has diffuse anxiety which is perhaps localized in the cardiovascular system and probably should be called a psychophysiologic cardiovascular reaction. He certainly does not belong in the category of the neurosis."

The Appeals Council made arrangements for further medical evidence of plaintiff's cardiovascular condition from Dr. Peters. His report indicates a normal resting electrocardiogram, a negative double Master's two-step test, and the absence of any typical cardiac symptomatology.

Upon a review of the evidence herein, the Court finds no evidence which indicates the plaintiff does not have normal use of limbs and ability to speak. Nor is there evidence of loss of judgment or memory, psychosis or psychoneurosis, cancer, loss of vision, or hemorrhoids, irritable duodenal bulb, and hernia which would prevent the plaintiff from engaging in any substantial gainful activity. Therefore, the principal question herein is whether or not there is significant impairment of cardiovascular function because of any arteriosclerotic heart disease or generalized arteriosclerosis.

Plaintiff's subjective evidence of disability was uncorroborated by lay testimony, the medical evidence did not establish a heart disease, and plaintiff's work history was varied and unsettled. The testimony of personality disorder would indicate the plaintiff has a high degree of subjective sensitivity to any actual cardiovascular dysfunction. A conclusion of no severe pathology is amply supported by clinical findings, i. e. double Master's test results, and the medical evidence did not support the complaints of breathlessness, and fatigue on slight exertion.

Therefore, the Court must conclude in accordance with the Appeals Council Decision that the plaintiff has no heart disease or significant impairment of cardiovascular function or combination of physical and mental impairments which prevent plaintiff from returning to his usual occupation; that the medical evidence is complete and adequate without remanding, and that plaintiff is not entitled to a period of disability or disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended. Tiley v. Celebrezze, 235 F.Supp. 142 (N.D.Ohio E.D.—1964); Ginn v. Celebrezze, 224 F.Supp. 776 (W.D.La.—1963); and Brady v. Ribicoff, 195 F.Supp. 35 (D.Md.—1961). The Clerk is instructed to enter forthwith a judgment affirming the decision of the defendant.