**Janie P. WOOTEN, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 4835.**

United States District Court
D. South Carolina,
Greenville Division.

Oct. 24, 1966.

Theodore M. Burns, Jr., Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., and Geddes Hugh Martin, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Janie P. Wooten seeks a judicial review by the court[1] of a final decision of the Secretary of Health, Education and Welfare denying her application for Social Security monthly disability benefits[2] and for a period of disability.[3]

The scope of review by the district court is limited to a determination of whether the administrative decision was supported by substantial evidence.[4] If the decision as to any finding of fact is supported by substantial evidence it must be affirmed, yet the decision must be rational.[5]

The last period for which the claimant met the earnings requirement of the Social Security Act terminated on June 30, 1963 and she must show her "inability to engage in any substantial gainful activity" as of that date. At that time she was approximately fifty-five years of age. Physically, she is five feet and two inches tall and weighed around 125 pounds.

The claimant completed only the sixth grade and, except for the times of bearing her four children, she thereafter regularly worked as a doffer in the textile mills with some periods of work as a retail clerk. Her application, made in her mid-fifties, claimed a disability due chiefly to heart trouble among other numerous complaints.

From the time the claimant suffered her heart attack in early 1963 the medical records have consistently shown the existence of coronary heart disease. All of the medical evidence is readily reconcilable and the only inconsistency between the attending physician's reports and the consultative examination is in respect to its severity, response to treatment and evaluation as to disability. It is to be noted, however, that the testimony of the claimant's attending physician is to be accorded substantial weight,[6] due to the obvious advantages of observation that inhere in that capacity. It is

1. 42 U.S.C.A. § 405(g).

2. 42 U.S.C.A. § 423(a).

3. 42 U.S.C.A. § 416(i).

4. 42 U.S.C.A. § 405(g).

5. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

6. See e. g. Best v. Celebrezze, 239 F.Supp. 670 (D.S.C.1965).

further incumbent upon the court in this review to view medical opinions as to disability in their proper perspective: medical opinions as to disability are of indispensable value, but they are directed to a medical determination of that issue and the legal determination of that issue under the standards of the Act is reserved to the Secretary.[7]

■ Dr. Duff, the attending physician who has seen the claimant regularly since the heart attack, has in numerous reports consistently diagnosed the claimant's condition as coronary heart disease with petit mal seizures resulting in blackout. Electrocardiogram interpretations supported the finding of severe coronary disease. The claimant takes Dilantin, Phenobarbitol Peritrate, and Nitroglycerin. Dr. Duff is of the opinion that the condition is static. He reports that the symptoms are brought on by minimal exertion such as sweeping. On his statements the claimant is now under a life insurance waiver of premium for disability. This, of course, cannot bind the Secretary, e. g. Stoliaroff v. Ribicoff, 198 F.Supp. 587 (D.C.N.Y.1961), but the insurers acquiescence is of some significance as to the fact and is entitled to some weight, Mischler v. Celebrezze, 227 F.Supp. 754 (E.D.La.1964). He further noted she may have a mild "sick neurosis". A consultative examination by Dr. William S. Hawkins confirms these symptoms and states: "Diagnoses (1) probable arteriosclerotic cardiovascular disease with coronary sclerosis and angina pectoris, mild, functional cardiac classification, Class II. The EKG after previously showing severe heart disease was then found within normal limits. Not limited to this factor but on general terms, the denial of her claim is based on improvement in her condition since the initial heart attack. Yet Dr. Hawkins evaluated her heart condition as being Class II under the American Heart As-

sociation classifications. That classifies a patient as one with "cardiac disease resulting in slight limitation of physical activity. They are comfortable at rest. Ordinary physical activity results in fatigue, palpitation, dyspnea or anginal pain."

A neuropsychiatric examination was made apparently pursuing the question raised by Dr. Duff's note of "sick neurosis." The psychiatrist concludes as follows:

I cannot give this woman, comfortably, a psychiatric label; however, I do strongly get the impression that she has an appreciable amount of overlay concerning her chest pain. She did impress me as being slightly anxious. Her verbalizations are also similar to those of a conversion reaction. I would consider the prognosis as being relatively poor so far as rehabilitation is concerned.

In view of this medical evidence, none contra being in the record, it is an inescapable conclusion that there is substantial evidence of disability. The question here, however, is whether there is also substantial evidence supporting the Secretary's decision. The court does not so view the evidence in this record.

It is evident that the Hearing Examiner evaluated the evidence objectively without due regard for the subjective symptoms of the claimant in view of the clinical findings.[8]

The Hearing Examiner has a personal interest in the subject of recovery from coronary thrombosis heart attacks and work capabilities thereafter, and has made an intensive study thereof. He agrees with Dr. Hardie that the claimant should engage in a lighter type of work than that in which she was formerly employed. However, he is also impressed with the fact that both President Eisenhower and President

7. See e. g. Hanes v. Celebrezze, 337 F.2d 209 (4th Cir. 1964); Boozer v. Celebrezze, 238 F.Supp. 701 (D.S.C.1964); Caldwell v. Celebrezze, 238 F.Supp. 696 (D.S.C.1964).

8. See Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). See also Callahan v. Celebrezze, 242 F.Supp. 507 (D.N.C. 1965).

Johnson recovered from heart attacks and have returned to extremely vigorous work after such attacks.

\* \* \* \* \* \*

The Hearing Examiner is convinced that the claimant is more worried by her condition than the medical evidence justified and that her belief that she cannot do a sedentary type of work is without foundation in current medical theory.

Dr. Hardie, mentioned in the quote supra, is a vocational consultant who testifed that she did not think the claimant could return to her former work in the mill. She suggested that the claimant could perform as a seamstress.

Q. (By counsel) In one of these plants?

A. Wait a minute. Let me finish. Classified—there're many kinds, as you know, but this is a Seamstress who works in a hotel or motel, I'd say especially now—motels where they do simple routine mending. Hospitals employ them. They don't work on any heavy schedule. They sit; they move around; some days they have a good bit of mending and some days very little. It's really not skilled—just run up a seam.

The Hearing Examiner concluded his report with the following comment.

The Hearing Examiner is of opinion, and so finds, that even a Class II heart condition (if indeed this is established as existing while she met the special earnings requirements of the Act) was not so severe as to prevent her from doing the various jobs recommended by Dr. Hardie.

The finding was based on an undue reliance on comparison of certain clinical data to text book standards while not giving proper weight to the claimant's attending physician's evidence or the claimant's subjective symptomology.[9]

■ The record shows that the claimant has sustained the burden of showing

disability within the meaning of the Act. The decision of the Secretary is therefore reversed.

The Clerk will enter Judgment accordingly.

And It is so Ordered.

---

9. If reliance has been placed upon one portion of the record in disregard of overwhelming evidence to the contrary, courts are bound to decide against the Secretary. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).