**Amos P. COLLINS, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 16752.**

United States Court of Appeals
Sixth Circuit.

Feb. 15, 1967.

728

———◆———

Ronald W. May, Pikeville, Ky., for appellant.

Walter H. Fleischer, Department of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Department of Justice, Washington, D. C., on brief, George I. Cline, U. S. Atty., Lexington, Ky., for appellee.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

This is an unhappy case. Plaintiff-appellant is now a 56-year-old ex-coal miner who worked in the mines for 33 years and now suffers from silicosis as a result. At the first hearing on this petition, he gave his height as 6 feet 2 inches, and weight as 185 pounds.

On denial of his claim for Social Security benefits for complete and total disability by the Secretary of Health, Education and Welfare, Judge Mac Swinford reversed and remanded for taking of further testimony as to what jobs appellant actually could do. An additional hearing has been held and again the Secretary has denied disability benefits on the ground that Collins retains capacity for substantial gainful employment. The District Court in this instance, Judge Ford presiding, found substantial evidence to uphold the Secretary's determination.

Factually, there are two matters in dispute. The first is the extent of disability suffered by claimant. It is described by one of the government medical witnesses as "mild pulmonary dysfunction." It also was described by Dr. Hodges as second to third degree silicosis. Claimant's own doctor testified that Collins was completely disabled from all work. All doctors indicated that his lung condition disabled him from working in the mines. Several of the examining doctors testified to some residual capability in relation to gainful employment. Vital capacity tests ran from 75% to 95% of normal and maximum breathing capacity tests ran from 60% to 88% of normal. The most recent tests in this regard were described as "within the accepted limits of normal."

This, of course, brings us to the second and crucial question in this case, namely, what jobs can this man do with his residual physical capacities; which jobs are likewise available in the general area in which he resides? Massey v. Celebrezze, 345 F.2d 146 (C.A.6, 1965).

He resides in Riceville, Kentucky, which is located in Eastern Kentucky, not far from the border of West Virginia. It is significant for this case that claimant has worked 33 years of his life in West Virginia.

A vocational expert testified for the government on remand to the effect that with his residual capacities Collins could work as a packer, as an inspector, as an elevator operator, as a tobacco sorter, and as a light assembler, electric truck operator, caretaker, watchman and truck farmer. There was testimony of claimant's continuing ability to do some farming.

In consideration of this entire record, and in pursuance of its appellate function, this court feels that it should affirm the decision and order of the District Judge. In doing so we by no means depart from prior decisions of this court and we by no means sanction the opinion of the Social Security Appeals Board, which is planted upon an interpretation of disability proof requirements foreign to the Sixth Circuit. See Massey v. Celebrezze, supra at 154; Miracle v. Celebrezze, 351 F.2d 361, 381–382 (C.A.6, 1965); May v. Gardner, 362 F.2d 616, 618 (C.A.6, 1966). Nor does our affirmance indicate any sympathy with the referee's and government counsel's attempt to persuade us that claimant does not suffer from a major disability.

We do find substantial evidence in this whole record, however, that claimant does retain a residual capacity for substantial gainful employment at jobs which exist in the general area in which he lives. This record discloses support for claimant's retention of employability at light or sedentary jobs which are ordinarily free of hazardous dust. Particularly significant of residual capacity is the fact that repeated examinations for vital capacity and maximum breathing capacity show claimant's test scores within normal limits.

Affirmed.