**Dave GODSEY, Jr., Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 1610.**

United States District Court,
E. D. Kentucky,
Pikeville Division.

Oct. 10, 1973.

Hollon & Hollon, Hazard, Ky., Denver Adams, Hyden, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., Robert M. Murphy, Asst. U. S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

This action seeks by Summary Judgment proceedings to review a final decision of the Secretary of Health, Education and Welfare denying the plaintiff's application for disability benefits under 42 U.S.C. §§ 416(i), 423. Jurisdiction is alleged and found under 42 U.S.C. § 405(g).

In order to be entitled to benefits under the Act, it is incumbent upon Mr. Godsey to prove that he became disabled on or before the date of the expiration of his insured status. Ragan v. Finch, 435 F.2d 239, 241 (6th Cir. 1970). A "disability" as defined under the Social Security Act is an:

> "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); Ragan v. Finch, *Id.* at 241.

As the Secretary has conceded:

> "The medical evidence establishes that claimant's principal impairments are lung, heart and nervous conditions which prevent his performance of work as a coal miner or other forms of heavy manual labor." (Tr. 12),

it is clear the plaintiff has established a *prima facie* case. Consequently, the burden of proof is shifted to the Secretary who must prove the plaintiff capable of performing some other form of substantial gainful activity. Garrett v. Finch, 436 F.2d 15 (6th Cir. 1970).

The Secretary, whose decision is conclusive if supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Ingram v. Richardson, 471 F.2d 1268 (6th Cir. 1972), contends:

> "The medical evidence establishes that claimant's impairments are not of sufficient severity to prevent his performance of light and sedentary, and medium activities of types cited by the vocational expert which exist in significant numbers in the local and national economies." (Tr. 12).

For the purposes of judicial review under 43 U.S.C. § 405(g), the term "sub-

stantial evidence" has been defined as being:

> "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, *supra,* 402 U.S. at 401, 91 S.Ct. at 1427.

The sole function of the Court is to ascertain whether there was "substantial evidence", as defined above, to support the decision of the Secretary. Ingram v. Richardson, *supra.*

A review of the record of the administrative proceedings reveals the plaintiff, a 46 year old male, has had no formal education or vocational training. His occupational history reflects employment almost exclusively as an underground coal miner. He has maintained the requisite insured status at all times pertinent to this action.

 Although there is evidence of the presence of heart, lung and mental conditions, the mere presence of such conditions is not disabling *per se.* 42 U.S.C. §§ 416(i), 423. See also: Rose v. Cohen, 406 F.2d 753 (6th Cir. 1969); Ragan v. Finch, *supra;* and Cross v. Finch, 427 F.2d 406, 408 (5th Cir. 1970). These impairments must impose a functional limitation upon his ability to perform substantial gainful activity. Collins v. Gardner, 373 F.2d 727 (6th Cir. 1967).

A report submitted on August 1971 by Dr. Stephen G. Edelstein contains the following diagnosis:

> "Inasmuch as there are elements of the patients history suggestive of angina, it would be impossible to exclude this entirely. The negative Double Master's Test does not entirely exclude angina as an etiology of his chest pain *but does demonstrate that he is capable of significant exertion without undue discomfort* . . . ." (Emphasis supplied) (Tr. 104).

Dr. Edelstein further concluded that Mr. Godsey was physically capable to perform medium activity on a sustained ba-

sis (Tr. 104). A similar finding was reported by Dr. W. F. Clarke after a pulmonary examination (Tr. 81).

Although the presence of a psychoneurotic condition has been noted, no physician of record has even suggested the condition is of the requisite severity. Accordingly, as there is no evidence indicating any functional limitation, the condition may not properly be considered disabling. Ragan v. Finch, *supra.*

Mr. Ronald G. Hampton testified in the capacity of a vocational expert at the August 2, 1972 administrative hearing. In view of Mr. Hampton's opinion as to the plaintiff's residual capacity to perform the duties of a series of jobs, (Tr. 42–43), it is clear the Secretary's decision was supported by evidence of the requisite probative value. Therefore, his decision must be affirmed.

The defendant's Motion for Summary Judgment is sustained.

The plaintiff's Motion for Summary Judgment is overruled.