816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruth D. HINES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-5250.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1987.
 
 Before LIVELY, Chief Judge, and RYAN, Circuit Judge and JOINER,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Hines, appeals from a denial of her application for disability benefits and for supplementary security income. Plaintiff filed her application for disability benefits on December 15, 1982, and her application for supplemental security income benefits on December 17, 1982. These applications were denied by an administrative law judge on July 7, 1983, and the Appeals Council denied review on October 21, 1983. On January 7, 1986, the district court affirmed the Secretary's denial of benefits. For the reasons which follow, the decision of the district court is affirmed.
 
 
 2
 Plaintiff is a 59 year old woman with a seventh grade education. She has past relevant work experience as a janitor.
 
 
 3
 Plaintiff was laid off from her last janitorial position in April of 1981, and has not been employed since that time. She is 5 feet tall and on the average weighs 210 lbs. In addition to her obesity, plaintiff has high blood pressure and other medical problems. On appeal, plaintiff claims that the Secretary did not properly consider the effect of her impairments in combination when it concluded that she is not severely impaired.
 
 
 4
 An impairment, or combination of impairments, will be considered not severe only if the impairment(s) is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." Farris v. Secretary of Health and Human Services,, 773 F.2d 85, 90 (6th Cir. 1985) (quoting Brady v. Heckler., 724 F.2d 919, 920 (11th Cir. 1984) ]. See also Williamson v. Secretary of Health and Human Services, 796 F.2d 146, 151 (6th Cir. 1986). The burden of proof is on the plaintiff to establish the existence of a severe impairment. Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir. 1978); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).
 
 
 5
 This is not a case to determine if there is evidence in the record from which the ALJ could find that the plaintiff was severely impaired. If the plaintiff is to be believed, there is such evidence, but that is not the issue before the court. The sole issue is whether or not the district court erred in holding that there was substantial evidence in the record to support the decision of the Secretary that the plaintiff was not severely impaired.
 
 
 6
 In light of the medical record and the plaintiff's testimony, the ALJ found that her claims and complaints were not credible. The medical record has much in it from which the conclusion could be reached that the plaintiff does not have a severe impairment and is not disabled. Both the ALJ and the district court properly followed the sequential steps to determine this case.
 
 
 7
 Judge Siler, in affirming the Secretary, wrote:
 
 
 8
 "In considering a claim, the Secretary must evaluate the cumulative effects of the claimant's ailments and may not fragment each impairment's effect. Colwell v. Gardner, 386 F.2d 56, 74 (6th Cir. 1967). However, the plaintiff's individual impairments, when considered cumulatively, cannot establish disability where this combined effect is not of the requisite severity. Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971); Jenkins v. Garnder, 430 F.2d 243 (6th Cir.), cert. denied, 400 U.S. 1001 (1971) . The presence of disease or impairment is not disabling per se. The plaintiff must show she is so functionally impaired that she is precluded from engaging in substantial gainful activity. Godsey v. Weinberger, 365 F. Supp. 387 (E.D. Ky. 1973). If an impairment can reasonably be remedied or controlled by treatment, i t cannot serve as a basis for a finding of disability. 20 C.F.R. SS 404.1530 (1981); Osborne v. Cohen, 409 F.2d 37 (6th Cir . 1967); Henry v. Gardner, 381 F.2d 191 (6th Cir.), cert. denied, 389 U.S. 993 (1967). Pain alone can be of such severity as to be disabling. Kirk v. Secretary, H.H.S., 667 F.2d 524, 538 (6th Cir. 1981); Noe v. Weinberger, 512 F.2d 588, 595 (6th Cir. 1975); Sayers v. Gardner, 380 F.2d 940 (6th Cir. 1967). Lay testimony joined with objective medical evidence may establish the existence of disabling pain. Hurst v. Heckler, 735 F.2d 517, 519 (6th Cir. 1985); Allen v. Califano, 613 F.2d at 145 (6th Cir. 1980). The ALJ may take into account the claimant's demeanor and may find a lack of credibility in claimant's claim of disabling pain. Harris v. Heckler, 756 F.2d 431, 436 (6th Cir. 1985). However, the ALJ must cite some other evidence for denying a claim for pain besides his personal observations. Weaver v. Heckler, 722 F.2d 310, 312 (6th Cir. 1983); see Harris v. Heckler, 756 F.2d 431, 436 (6th Cir. 198-5); King v. Heckler, 740 F.2d 968, 974-75 (6th Cir. 1984).
 
 
 9
 The ALJ considered several factors in determining that claimant was not disabled.
 
 
 10
 First, he considered her obesity. Plaintiff stands 5' and has weighed from 187 pounds to 231 pounds on one occasion. Obesity alone is not a disabling condition unless it is coupled with one or more other impairment as listed in the regulations. Plaintiff argues that her obesity coupled with her high blood pressure meets substantially the requirements of the regulations for a finding of disability. 20 C.F.R. 404, Subpart P, Appendix 1, Sec. 10.10, and Table 11 requires that a woman of plaintiff's height must weigh at least 230 pounds and have hypertension with a diastolic blood pressure persistently in excess of 100mm. Plaintiff's diastolic reading has ranged from 80 to 120mm, and has not been persistently in excess of 100mm. While it is clear that plaintiff has a significant obesity and blood pressure problem, the combination fails to meet or exceed the requirements of the regulations for a finding of disability. On the date of the hearing, . plaintiff weighed 210 pounds."
 
 
 11
 (J. Siler's opinion, pp. 5-8).
 
 
 12
 Judge Siler's opinion in this case shows a sensitivity to the law requiring that the plaintiff's complaint be evaluated for its cumulative effect and not just separately. He also carefully considers all the factors in the case that indicate whether or not the ALJ gave adequate consideration to the combination of her obesity and blood pressure, neither of which was sufficient alone to require a finding of severe impairment. In light of his careful and thoughtful rejection of the many claims of the plaintiff, the conclusory opinion of the treating physician opining that she was disabled loses any force, for it has no support in the evidence. Indeed, even plaintiff's treating physician did not document any test results that indicate that these impairments have any impact on plaintiff's life. As such, the treating physician's opinion is not entitled to any weight. Houston v . Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984). This leaves only plaintiff's subjective complaints about pain, and these alone are not sufficient. Clearly, in this case these do not require the court to reverse the Secretary.
 
 
 13
 Plaintiff has failed to meet her burden of proving entitlement to benefits. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.