**Tillie A. CULBERTSON, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary, Department of Health, Education and Welfare, Defendant.**

**No. 62-C-330.**

United States District Court
E. D. Wisconsin.

April 9, 1964.

Michael D. Preston, Milwaukee, Wis., for plaintiff.

James B. Brennan, U. S. Atty., by Franklyn M. Gimbel, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

On motion by the defendant for summary judgment.

This action was brought to review and set aside a decision of the defendant denying disability benefits to the plaintiff under the Social Security Act. Jurisdiction to review is vested by Title 42 U.S. C., Social Security Act, as amended, Section 405(g).

■ Under the statute, the findings, if supported by substantial evidence, are conclusive. The answer of the defendant, in compliance with the statute, contains the transcript, exhibits, and orders.

In E. Edelmann & Company v. Federal Trade Commission, 239 F.2d 152, 154 (7th Cir. 1956), the Court, quoting from Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938), stated that substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

■ In holding that the finding of the Social Security Board or examiner must be accepted by the court, the court points out in Rhoads v. Folsom, 252 F.2d 377 (7th Cir. 1958), that the question is whether the finding is substantially supported on the entire record. Basic also is the fact that great weight must be given to the evaluation of oral testimony by the tribunal which heard the testimony and saw the witnesses.

■ The Appeals Council of the Bureau of Hearings and Appeals stated that after careful consideration, plaintiff's request to review the Hearing Examiner's decision had been denied, and that the Hearing Examiner's decision stands as the final administrative decision on the claim. The Hearing Examiner's decision is six and one-half pages long, single spaced. No point would be served here by quoting the decision. The evidence recited in it supporting the findings is in the opinion of the Court substantial.

■ The factual question passed upon was whether the plaintiff was under a disability as defined in the Act, which disability began on or before March 31, 1948, and continued thereafter to the date of her application. The statutory requirement is that there be an inability to engage in any substantial gainful activity by reason of medically determined physical or mental impairment, which impairment must be established by obvious evidence to the pertinent period; namely, the period prior to March 31, 1948.

This case represents a very sad and unfortunate situation for the plaintiff. She did have some symptoms during that period, which symptoms may have been the early signs of multiple sclerosis which at a much later period disabled her. However, it was the duty of the Bureau, and it is the duty of the Court, to administer the law as Congress enacted it. The medical reports filed may be summarized as follows:

Misericordia Hospital, in a report dated November 8, 1961, states that the illness occurred December 1950; that the medical evidence in the file fails to demonstrate an impairment so severe as to rule out all gainful work in March of 1948. The plaintiff stopped work in 1943 to raise a family. She had four children. Her children were born in 1943, 1946, 1948, and 1950.

Dr. S. E. Biller, physician, in a report dated July 21, 1961, stated that she was admitted to Misericordia Hospital on December 5, 1950, with a history of having noted some difficulty in walking upstairs about "4 or 5 months ago." He made a diagnosis of multiple sclerosis. Dr. Jules Levin saw her in consultation with him on December 9, 1950.

Without attempting to summarize or review the testimony in this case, which is summarized in the decision of the Hearing Examiner, it should be pointed

out that on plaintiff's own testimony she stopped work in 1943 to raise a family. She had four children. While on occasion she noticed a dragging of her right leg, she testified that this did not interfere with her housework or the raising of her children. She testified that at the time her fourth child was born in 1950, both her arms and legs were all right. Full use of the hands was maintained until about 1955. She testified that during the period 1949–1950 she could clean house, iron, dust, cook, take care of her four children, give the baby a bath, make breakfast, wash clothes, dress herself, darn socks, and perform general housework.

It is therefore the opinion of the Court, based upon the entire record, that there was substantial evidence to support the findings. Defendant's motion for summary judgment should be and it is hereby granted.