**Justo Diaz SALGADO, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 481–65.**

United States District Court
D. Puerto Rico.
March 16, 1967.

## MEMORANDUM OF OPINION

CANCIO, Chief Judge.

This is an action which has been brought under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. In this case, the final decision was rendered by a Hearing Examiner on June 28, 1965 (Tr. 4–9) and became the final decision of the Secretary on September 1, 1965, when the Appeals Council denied plaintiff's request for a review. (Tr. 1). The final decision holds that plaintiff is only entitled to minimal old-age insurance benefits on his application filed February 6, 1963 (Tr. 59–62).

The issue now joined before this Court is whether the final decision of the Secretary is supported by substantial evidence.

In support of a reversal of the Secretary, plaintiff alleges:

1. That Plaintiff established that he had a high amount of earnings and that he paid his social security accordingly;

2. That there was no substantial evidence before the Hearing Examiner to indicate that plaintiff had earnings lower than those he reported and paid for;

3. That no substantial evidence came before the Hearing Examiner to establish that plaintiff did not make the reported earnings;

4. That the only credible evidence before the Hearing Examiner indicated that plaintiff had made the reported earnings; and

5. That plaintiff's right to higher benefit payments was denied on the basis of conjecture.

Plaintiff filed an application for old-age insurance benefits on February 6, 1963 (Tr. 59). Through a certificate of birth, he established that he was born in Toa Baja, Puerto Rico, on March 12, 1899 (Tr. 64). It also appears from the application that plaintiff is married. He was a vendor of roast pig (Tr. 59–60). He further stated that his earnings for the previous year had been $3,649.50 (Tr. 61) and that he elected to receive benefits since January 1963, at which time he would have been 63 years of age. (Id.) As proof of his earnings, plaintiff submitted photocopies of Individual Income Tax Returns for the years 1960 1961 and 1962. The returns showed that his income had been as follows:

| Year | Total Income | Net |
|------|--------------|-----|
| 1960 (Tr. 75) | $5,500.45 | $2,324.00 |
| 1961 (Tr. 70) | $7,356.05 | $3,412.00 |
| 1962 (Tr. 87) | $7,509.34 | $3,649.50 |

These amounts were shown both from Federal and Puerto Rican Income Tax Returns.

At the hearing held, the Hearing Examiner heard and received evidence from the claimant himself (Tr. 21) and several other witnesses (Tr. 37 et seq.). This testimony tends to confirm what plaintiff put forward.

Apparently, the Hearing Examiner was quite impressed when he was informed that plaintiff was earning more than what appeared in the tax returns and, thus, he denied all credibility to plaintiff. We do not blame him. To substantiate his ruling, the Hearing Examiner relies on Exhibits 9 (Tr. 82) and and 41 (Tr. 169–180). The former is a relation of living expenses, while the latter consists of certificates of animal inspection by the Department of Health of the Commonwealth of Puerto Rico.

The Hearing Examiner denies any weight to the Tax Returns:

Taking into consideration the fact that any weight might have been given to the income tax returns filed by the claimant was depleted as to its credibility by the claimant's statement that he had "deliberately lied and falsified them" with regard to the purported income contained therein * * * (Tr. 8)

It is well to note that the admission in question was made by a purported representative of the plaintiff who interrupted him while he was answering questions posed by the Hearing Examiner; and that this statement was neither accepted nor denied by the plaintiff (Tr. 28). It may also be noted that the record reflects in this passage quite some confusion.

The evidence in this case seems to be far from clear. Most of it tends to favor the plaintiff but was not believed by the Hearing Examiner. Contradictory evidence was introduced in the form of Exhibit 9. It may be noted that there is a report of contact introduced as Ex-

hibit 22, which delves into this very matter (Tr. 125). Therein it is stated:

Our field representative contacted the W/E [1], in his home, and obtained new information as to the household expenses. She also verified amounts claimed by the W/E.

Even though some items—such as social security taxes paid—are still not included, the yearly cost of living for the household is still at least $3231.70.

The W/E reported SEI [2] of $2324.00 for 1960, $3412.00 for 1961 and $3649.-50 in 1962. These amounts average less than $3130.00 per year. It would not be justifiable to rigidly lower 1962 SEI and leave the 1960 SEI alone, not allowing that in covering the costs of household, there is some "run-over" of expenses and payments from year to year.

For this reason, as the COLE [3] and amounts reported on the tax return are so close, we recommend that the amount reported by the W/E on the tax return he filed be accepted.

Unfortunately, our DAC [4] 504 record is incomplete and we cannot ascertain if the development mentioned in your memorandum, page 2, third paragraph is necessary and advisable. It appears that the W/E has been reasonably accurate in his reporting of SEI and in the absence of evidence to the contrary we would accept the contract of sale as bona fide. However if there is anything in your files that would alter this situation, please advise us of the necessary development and we will comply with it.

The Hearing Examiner concludes that from the evidence presented to him:

* * * There seems to be a deliberate attempt to fabricate a situation that would make him the recipient of higher benefits under the Social Security Act, without a factual basis

for the said income having been truly earned * * * (Tr. 8)

This may or may not have been so. But, in order for the Hearing Examiner to come to this conclusion, it is necessary that he have some evidence upon which to rely. His judgment and experience are not sufficient. If such a situation is suspected, then an investigation should be ordered and conducted. And, certainly, the Federal Government has the appropriate agency to carry out that investigation. It is not enough that the Hearing Examiner consider that:

* * * The fabrication of the claimant of a story to the effect that he had a trunk at home with thousands of dollars hidden in it and which he periodically used for household expenses rather than go to the trouble of going to the bank cannot be regarded as being credible, particularly when in a sworn statement of March 16, 1964 (Exhibit 24), the claimant indicated that during 1957, 1958, and 1959 it was necessary for him and his family to live on the contributions from his married children. Moreover, the claimant was also receiving $16.00 a month from two of his other children during the years in question. This contribution was not indicated on his cost of living estimate. (Tr. 8)

█ Furthermore, where the situation arose wherein the Hearing Examiner became aware that statements were being made either by the plaintiff or by his representative,[5] it was the Hearing Examiner's duty to point out to the claimant that he was making statements which might incriminate him and that he had a right to the assistance and appointment of counsel.

██ The sole issue in this action to review the determination of the Secretary of Health, Education and Welfare is whether the findings made by the Hear-

---

1. Wage earner

2. SEI—Self-employment income

3. COLE—Cost of living expenses

4. DAC—Disabled adult child

5. The Hearing Examiner points out that the plaintiff was represented by Pedro Vega Otero, an accountant. (Tr. 4, 19)

ing Examiner are supported by substantial evidence. Callahan v. Celebrezze, D.C.N.C.1965, 242 F.Supp. 507. In order to determine whether or not the findings of the Secretary are supported by substantial evidence, the Court must carefully scrutinize the record as a whole and determine whether the conclusions reached are rational and supported by the evidence available to the Hearing Examiner. Bates v. Celebrezze, D.C.S.C. 1964, 234 F.Supp. 349.

The term "substantial evidence", needless to say, means more than a mere scintilla. It means such relevant evidence as would move a reasonable mind to accept as adequate what is being offered as proof of fact. Brown v. Celebrezze, D.C.S.C.1964, 238 F.Supp. 730. Thus, it must be understood that the weight of the evidence before the Hearing Examiner must be greater than that which merely produces in his mind a suspicion as to the fact sought to be proven. Ferrell v. Celebrezze, D.C.Tex. 1964, 232 F.Supp. 281. However, the District Court is not at liberty to make its own appraisal of the evidence; this is incumbent upon the administrator and great weight must be given to his evaluation of the oral testimony. Jones v. Celebrezze, 7th Cir. 1964, 331 F.2d 226; Degner v. Celebrezze, 7th Cir. 1963, 317 F.2d 819; Page v. Celebrezze, 5th Cir. 1963, 311 F.2d 757; Culbertson v. Celebrezze, D.C.Wis.1964, 228 F.Supp. 208.

Affirmed.