George A. O'BRIEN, as Executor of the Estate of William A. Harvard, Plaintiff-Appellant,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 27269.

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Sept. 11, 1969.

Thomas A. Horkan, Jr., Alfred D. Bieley, Miami, Fla., for appellant.

William A. Meadows, Jr., U. S. Atty., Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., Alan S. Rosenthal, Ralph A. Fine, Attys., Civ. Div., Dept. of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Rule 18 of the Rules of this Court and Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

Sections 213(a) (2) and 223(c) (B) (1) (i) of the Social Security Act[1] provide that an employee is eligible to receive disability insurance benefits if he received $50 or more a quarter in twenty of the forty quarters preceding the disability. O'Brien brings this action as the executor of the estate of William A. Harvard, who was allegedly disabled by a back injury in November 1957. The Secretary of Health, Education, and Welfare denied the executor's claim after a hearing examiner had found that Harvard did not meet the Act's earnings requirements, and after the Appeals Council had declined to review the examiner's decision. The district court sustained the denial by the Secretary.

■ The sole issue on appeal is whether the evidence is sufficient to support the examiner's finding that Harvard had not earned $50 a quarter in 20 of the 40 quarters up to and including the quarter in which his accident occurred. Section 205(c) (4) (B) of the Act provides that after the expiration of three years, three months, and fifteen days, the Secretary's records of an individual's wages shall be "presumptive evidence" of the amount of wages he received.[2] In this case, the statutory limit has expired and the records of the Social Security Administration show that Harvard earned the required amount in only 16 quarters. O'Brien contends, however, that while the records of the Secretary are presumptively correct, they may be rebutted by contrary evidence, and that Harvard presented such evidence at the examiner's hearing. His position is that the records fail to reflect substantial cash payments Harvard received from his employer, and these payments make him eligible under the Act.

To be sure, Harvard did testify to such cash payments, and two fellow employees testified that he had worked regularly at Miami Waste Paper from 1949 to 1957. Such evidence tends to rebut the statutory presumption against him. There is also, however, evidence pointing in the opposite direction. Records of the company's checking account indicate the same payments to Harvard as those reflected in the Secretary's records. Martin Goldberg, who handled the payroll, testified that all payments were by cash. He also testified that Harvard had not worked steadily. Harvard's co-workers testified that he was always paid by check. Finally, Harvard paid no income

---

1. 42 U.S.C. §§ 413(a) (2), 423(c) (1) (B) (i).

2. 42 U.S.C. § 405(c) (4) (B).

**804**

tax on the unrecorded amounts his executor now contends that he received between 1949 and 1957.

The record, in short, contains contradictions; it was the task of the hearing examiner to resolve them. See Celebrezze v. Maxwell, 5 Cir. 1963, 315 F.2d 727, 730. The function of the district court was only to determine whether the decision was supported by "substantial evidence". 42 U.S.C. § 405(g). We agree with the district court.

The judgment is affirmed.