**504**

**Mary SCHNURR, Plaintiff,**

v.

**UNITED STATES SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. A. No. W-4456.**

United States District Court,
D. Kansas.

Aug. 12, 1971.

Richard J. Rome, Hutchinson, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., Richard Oxandale, Asst. U. S. Atty., Wichita, Kan., for defendant.

### DECISION AND ORDER

WESLEY E. BROWN, Chief Judge.

This action for review of the final order of the Secretary of Health, Education and Welfare, denying Mrs. Schnurr's application for disability benefits, is before the Court on the Secretary's Motion for Summary Judgment.

Mrs. Schnurr filed her application for disability benefits under the Social Security Act on October 28, 1968, alleging that she became unable to work on February 1, 1968, due to Multiple Sclerosis. Mrs. Schnurr's earnings record shows that earnings requirements of the Social Security Act were met up to and including March 31, 1968, so that she was required to establish that she was under a "disability" from a time on or prior to March 31, 1968.

After Mrs. Schnurr had been examined by a neurologist, a psychiatrist, and a psychologist, her application for benefits was denied. Upon her request, a hearing was then held on April 8, 1970, at which time Mrs. Schnurr and her husband appeared and testified. On April 18, 1970, the Hearing Examiner rendered his decision finding that Mrs. Schnurr was not disabled within the meaning of the Act at any time, on or prior to the final earnings date of March 31, 1968. The Appeals Council affirmed the Examiner's findings, and Mrs. Schnurr then filed this action, seeking an order reversing the denial of benefits.

The sole issue for this Court's determination is whether or not there is substantial evidence to support the Secretary's decision that Mrs. Schnurr was not under such disability that she was unable to engage in any substantial gainful activity during the effective period of her insured status. 42 U.S.C. § 405 (g). "Substantial evidence" has been defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Gardner v. Bishop, 362 F.2d 917, 919 (10th Cir. 1966). The Court has reviewed the entire record in this instance, and must conclude that the Secretary's denial of benefits is supported by evidence, which, in the opinion of the Court is substantial.

If in fact Mrs. Schnurr is afflicted with Multiple Sclerosis at the present time, as an examination and diagnosis by Dr. Drake on March 26, 1970, would indicate, it clearly appears from all of the evidence that initial symptoms of this disease were not "disabling" at any time prior to March 31, 1968. See and compare Culbertson v. Celebrezze (E.D. Wis.1964) 228 F.Supp. 208; Patton v. Finch (W.D.N.C.1969) 305 F.Supp. 810. The medical evidence reflects that Mrs. Schnurr first experienced vision difficulties in December, 1967, and during hospitalization in February 28, 1968, it was determined that she had a mild form of demyelinating disease. At that time she "was reassured that her early symptoms would suggest a fairly mild course", she was advised to obtain sufficient rest, and no medication was recommended when she was discharged from the hospital. On July 3, 1968, she was examined by Dr. Snyder who reported "very minimal findings of bilateral optic atrophy and equivocal ataxia", and concluded that signs compatible with disability were not present at that time. On December 17, 1968, Mrs. Schnurr was examined by Dr. Liggett, a Neurologist, who found no neurological abnormalities, with "no evidence of impaired visual acuity, diplopia, dysequilibrium, motor or sensory changes." He further concluded:

"In many respects the history is not in keeping with multiple sclerosis—this is especially so in view of the rapidity of the onset and clearing of the recurrent neurological complaints of diplopia, dysequilibrium, generalized weakness, etc. It is impossible to state definitely whether or not this patient does have multiple sclerosis, and indeed Mrs. Schnurr's case would represent multiple sclerosis in essential complete remission, however, in either event I do not find any evidence in support of physical disability at present. Many of the historical points either in the absence of multiple sclerosis or in the presence of M.S. in remission—suggest the possibility of a functional disorder which might bear evaluation and treatment."

An examination was conducted by Dr. Drake on March 26, 1970, which resulted in findings of a moderate decrease in motor strength, and some other abnormal vision findings. It was Dr. Drake's opinion that Mrs. Schnurr had multiple sclerosis, and that she would be unable to engage in any gainful activity.

The Hearing Examiner who had an opportunity to observe Mrs. Schnurr personally, found there was no indication that she had a serious body or neurological dysfunction. The Examiner was of the opinion, that Mrs. Schnurr's chief handicap was on a "emotional or functional basis", and that even if her condition has been correctly diagnosed as multiple sclerosis, "the resulting dysfunction is not of such severity as to be the cause of her permanently discontinuing substantial work."

It is the opinion of the Court, based upon the entire record, that there was substantial evidence to support the Hearing Examiner's findings, and the decision of the Appeals Council, denying benefits to Mrs. Schnurr, and that the Secretary's Motion for Summary Judgment should be sustained. Accordingly,

It is ordered that defendant's motion for summary judgment be and it is hereby sustained.

It is further ordered that the Clerk enter judgment in favor of the defendant, and against plaintiff, affirming the decision of the Secretary of the Department of Health, Education and Welfare.