**Rafaela Ramos ACEVEDO, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 788–71.**

United States District Court,
D. Puerto Rico.

June 5, 1973.

Rafael D. Molinary, Aguadilla, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, Chief Judge.

This is an action brought by plaintiff, Rafaela Ramos Acevedo, pursuant to Section 205(g) of the Social Security Act (hereinafter called the Act), Title 42, United States Code, Section 405(g), seeking judicial review of a final decision of the Secretary of Health, Education and Welfare (hereinafter named the Secretary), in which it was determined that plaintiff does not have the necessary quarters of coverage to meet the requirements of the Act to be eligible for retirement insurance benefits.

The applicable sections of the Act provide essentially that an individual must acquire one quarter of coverage for each year elapsing after December 31, 1950, and up to the year in which he attained retirement age. A quarter of coverage being in our case any calendar quarter in which such individual has been paid $50.00 or more in wages under an employer-employee relationship. See Sections 210(j)(2), 213(a) and 214(a) of the Act, Title 42, United States Code, Sections 410(j)(2), 413(a) and 414(a). Applicable to the present consideration are also Section 209 of the Act, Title 42, United States Code, Section 409 and 20 C.F.R., Sections 404.1004(c) and 404.-1026.

■ After a careful reading of the whole record before us, this Court is of the opinion that plaintiff has failed to prove that she meets the insured status requirements; that is, that the Secretary's determination is entitled to affirmance. In our opinion, the Secretary's finding that plaintiff did not sustain the burden of proof as to establish the necessary nineteen (19) quarters of coverage is not unreasonable. The Act provides that the Secretary's records shall be evidence for the purpose of the proceedings before the Secretary or any Court of the amounts of wages paid to, and self-employment income derived by an individual and of the periods in which such wages were paid and such income was derived. It further provides that the absence of an entry in such records as to wages alleged to have been paid to, or as to self-employment income alleged to have been derived by an individual in any period shall be evidence that no such alleged wages were paid to, or that no such alleged income was derived by such individual during such period. Section 205(c)(3) of the Act, Title 42, United States Code, Section 405 (c)(3).

■ The evidence afforded by plaintiff to meet such burden (plaintiff's testimony, her employer's written statements, a neighbor's testimony and tax returns covering the period of January 1967 through March 1971) was found to be insufficient to sustain the burden. In a case like this where there is no evidence in the Secretary's record (Tr. 43) as to wages paid or income derived by plaintiff, the statutory presumption must stand, but this is rebuttable and only upon a showing of positive evidence

to the contrary. Carqueville v. Flemming (7 Cir. 1959), 263 F.2d 875; Williams v. Celebrezze (D.C.Ark.1965), 243 F.Supp. 103.

■ It is clearly the function of the Secretary to determine if the evidence produced by the plaintiff overcomes the evidence of the earning record, and his determination, if reasonable, is entitled to this Court's affirmance. O'Brien v. Finch (5 Cir. 1969), 415 F.2d 802; Young v. Gardner (D.C. Ohio 1968), 297 F.Supp. 63. In reviewing the Secretary's determination we are not at liberty to make our own appraisal of the evidence, since this is the duty of the Secretary whose evaluation of the evidence is entitled to great weight. Ramos Fiqueroa v. Secretary of Health, Education and Welfare, (Civil No. 103–69, Memorandum and Order entered November 15, 1972); Salgado v. Gardner (D.C.P.R.1967), 265 F.Supp. 894.

Plaintiff alleges that she has been doing domestic work for the wife of plaintiff's nephew which work consists of cooking, washing and ironing the clothing and taking care of Mrs. Ramos' father-in-law and children (Tr. 22). To establish this employer-employee relationship certain tax returns were introduced as evidence during the hearing plus a neighbor's testimony, Mr. Justino Cardona.

■ In order to successfully establish her claim, plaintiff was supposed to bring forward relevant and substantial evidence to move a reasonable mind to accept as adequate what is being offered as proof of fact. Salgado v. Gardner, supra.

Even though the tax returns submitted to establish the employer-employee relationship [1] might establish a working relationship, in a case like the present one, they are cast with doubts [2] as to whether they stand for a valid employer-employee relationship.

■ Furthermore, there is conflicting evidence as to the type of work performed and the nature of the relationship of employment and under such circumstances the evaluation as to the credibility of witness rests with the Secretary. Cardona v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 327 F.Supp. 562.

The fact that a neighbor, Mr. Justino Cardona, would see plaintiff visit Mrs. Ramos' house and help with the duties there (Tr. 24–25), by itself does not establish the required employer-employee relationship under the terms of the Act. Additionally, there is a family relationship between plaintiff and Mrs. Ramos which must be weighted when determining the work relationship between them. Also, plaintiff was not seen by the Social Security's agent on any of the four visits made to Mrs. Ramos' home (Tr. 44).

Lastly, it could be said that the alleged "wages" were not necessarily paid strictly for work performed, as Mrs. Ramos stated. "I wish to state that even if Rafaela were not working for me, I would give her some money as she is of the family and needs help and depends on my husband and I" (Tr. 42).

It is well settled that in a proceeding under Section 205(g) of the Act, Title 42, United States Code, Section 405(g), findings as to the credibility of a witness are the province of the fact finder rather than the reviewing court. Cardona v. Secretary of Health, Education and Welfare, supra; Turley v. Cohen (D.C.Va.1971), 325 F.Supp. 1067.

In view of the foregoing, we are of the opinion that the Secretary's determi-

1. Mrs. Olga Martinez de Ramos, the alleged employer also happens to be the wife of plaintiff's nephew.

2. In this case tax returns were filed on October 10, 1969, ten months before the application for benefits was initially filed (August 4, 1970) covering the period from January 1967 through October 1969. Additional tax returns forms were filed on May 8, July 10 and September 29, 1970, and on January 1 and March 31, 1971. The tax returns which are said to cast doubts are those untimely filed in 1969 to establish the relationship as far back as 1967.

nation that the tax returns are not to be considered as evidence of wages earned and that there has been no bona-fide employer-employee relationship as required by the Act is reasonable and sustained by the record; thus entitled to this Court's affirmance.

In relation to the alleged income derived from "babysitting" while in the United States (T. 20) and from the sale of live stock (Tr. 21), it suffices to say that there are no entries in the Secretary's records nor any evidence has been submitted other than the oral testimony which was received at the hearing.[3] We feel that while there are no determinations by the hearing examiner as to the periods thus covered, this would not in itself constitute "just cause" to remand the case for a determination by the Secretary for even if plaintiff were to establish some quarters of coverage for those periods, that by itself would not give the necessary nineteen (19) quarters needed to be elegible for the benefits required.

With regard to the fact that plaintiff was not represented by counsel at the hearing, we may say that no prejudice or unfairness has been suffered by plaintiff at the hearing. A reversal for lack of attorney is not required where there is no suggestion that having counsel would have resulted in the presentation of a better case. Toledo v. Secretary of Health, Education and Welfare, (1 Cir. 1971), 435 F.2d 1297.

The whole record before the Court, likewise, fails to sustain plaintiff's assertion that the denial of benefits was an arbitrary, illegal and capricious determination of the Secretary.

In view of the foregoing, it is hereby ordered, adjudged and decreed, that the complaint filed by the plaintiff be and the same is hereby dismissed on the aforementioned grounds.

It is so ordered.

---

3. We could take this allegation to have been abandoned by the Plaintiff.