**Amparo Quijano Vda de SOLIS,**
**Plaintiff,**

v.

**U. S. SECRETARY OF HEALTH, EDU-**
**CATION AND WELFARE,**
**Defendant.**

**Civ. No. 845–72.**

United States District Court,
D. Puerto Rico.

Sept. 19, 1973.

Ernesto Gonzalez Piñero, Hato Rey, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This action is brought to us under Section 205(g) of the Social Security Act (hereinafter the Act), as amended, Title 42, United States Code, Section 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying this plaintiff, widow's disability benefits for which she initially applied on April 15, 1970 (Tr. 34–38). We affirm.

Plaintiff, the widow of Simon Solis, was born on May 13, 1915 (Tr. 98) and alleged she became disabled in August 1968 due to nervous condition, back pain, generalized arthritis and poor vision (Tr. 37).

The medical record shows, however, that plaintiff's impairments did not meet or equal the severity of the listings of impairments as required by Section 223(d)(2)(B) of the Act, Title 42, United States Code, Section 423, and by Section 404.1504 of the Social Security Administration Regulations No. 4, 20 C.F. R., Section 404.1504 (Tr. 69–70; 73–74).

Dr. Cadilla, an orthopedic surgeon after examination of plaintiff noted moderate scoliosis of the spine, but concluded that plaintiff could perform "mild to medium work" avoiding bending and lifting heavy objects. (Tr. 71–72).

The test for disability of a widow claiming benefits under Section 223 of the Act, Title 42, United States Code, Section 423, is inability to engage in any gainful activity. The test for determining disability with regard to a wage earner is inability to engage in any substantial gainful activity. As the test for widow's claiming benefits is inability to engage in any gainful activity, it becomes apparent that the test to be applied to widows is more severe than the test to be applied to a wage earner. See H.R.Rep. No. 544, 90th Cong. 1st Sess. 31, U.S.Code Cong. & Admin.News, p. 2834 (1967).

The medical record shows that plaintiff can perform mild to medium work. In view of the limited nature of the statutory scheme of review, we are bound only to ascertain, as we have done, whether the record contains substantial evidence to support the findings of the Secretary. Santiago v. Secretary

of Health, Education and Welfare, (D. C.P.R.1971), 336 F.Supp. 1071.

■ Plaintiff questions the reasonableness and fairness of the application of different standards or tests for determining eligibility for benefits by the classification of widow or widower or by establishing criteria based upon membership in a classification known as "members of the labor force". However, she does not present any arguments in favor of the alleged unconstitutionality of the statute. We, therefore, cannot consider her claim.

■ Plaintiff also contends that she is entitled to disability benefits on her own right as a disabled worker. She alleges that she was employed in a hotel as a maid for two months and in a house to house sales for two and a half months. Nevertheless, she filed her petition for disability benefits as a widow and not on her own right as a disabled worker. We note also that to qualify for benefits in her own right she would have to establish eligibility under Section 216(i) of the Act, Title 42, United States Code, Section 416(i). She cannot raise this question for the first time on appeal.

■■ Plaintiff goes on to allege that because of her lack of preparation she would be unable to obtain "any gainful employment" which would constitute mild to medium work. We cannot enter into consideration of this argument. When reviewing a claim for widow's disability benefits a federal court is limited solely to consideration of the medical factor. Truss v. Richardson, 338 F. Supp. 741 (E.D.Mich.1971). We have held that in determining whether a claimant is entitled to disability benefits, the standard is not inability to be hired but complete inability to work. Rosario v. Secretary of Health, Education and Welfare, (D.C.P.R.1971), 324 F.Supp. 1321.

■ To conclude, it is our opinion that the Secretary applied the correct legal standards to the case before him and that his findings are supported by sub-

stantial evidence. Therefore, it is hereby ordered, that the complaint filed by plaintiff be and is hereby dismissed on the aforementioned grounds.

It is so ordered.