**Luis VELEZ, Plaintiff-Appellee,**

v.

**SECRETARY OF HEALTH, EDUCATION, AND WELFARE, Defendant-Appellant.**

**No. 78–1185.**

United States Court of Appeals, First Circuit.

Submitted Oct. 6, 1978.

Decided Feb. 23, 1979.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Julio Morales Sanchez, U. S. Atty., Jose A. Anglada, Asst. U. S. Atty., San Juan, P. R., and Gwenda D. Jones, Atty., Dept. of Health, Ed. and Welfare, Baltimore, Md., on brief, for defendant-appellant.

Juan Diaz Lasalle, Aquadilla, P. R., on brief, for plaintiff-appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

The issues on appeal in this Social Security case are whether the district court erred in reversing the Secretary's finding that appellee does not meet the insured status requirement, 42 U.S.C. §§ 423(a)(1)(A) and (c)(1)(B)(i),[1] and in granting appellee's application for disability benefits, even though the Secretary had not considered whether appellee was disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 423(a)(1)(D) and 423(d).

Appellee, a self-employed farmer, applied for disability insurance benefits in 1973, alleging that he became disabled on December 1, 1972, due to arthritis and headaches. It is undisputed that, as of the onset date of his alleged disability, appellee had only earned nine quarters of coverage during the forty quarters immediately preceding the onset date. To have met the insured status requirement as of that date, appellee should have earned twenty quarters of coverage. A quarter of coverage is a period of three

---

1. "(c) For purposes of this section—

(1) An individual shall be insured for disability insurance benefits in any month if—

. . . . .

(B)(i) if he had not less than twenty quarters of coverage during the forty-quarter period which ends with the quarter in which such month occurred[.]"

calendar months in which an applicant is credited with a minimum of $100 in self-employment income, 42 U.S.C. §§ 413(a)(1) and (a)(2)(A)(i).[2] Four quarters of coverage are earned each year in which the applicant receives a net income of at least $400. Since income earned at any time during the year is apportioned and credited equally to each calendar quarter of the year, 42 U.S.C. § 412(a)(1), no quarters of coverage are earned in a year, even if the applicant nets more than $100 in any one quarter, unless the $400 minimum is reached.

At a hearing before an administrative law judge (ALJ), testimony, sales receipts, and self-employment tax returns were submitted on appellee's behalf to demonstrate that, during the years 1973 through 1975, he earned eleven more quarters of coverage, so that he became insured for disability benefit purposes as of the end of 1975. The ALJ disbelieved the evidence that appellee's self-employment earnings had been greater than $400 during those years and found that at no time during the years in question did appellee meet the insured status requirement. Since he found appellee ineligible for benefits because of insufficient earnings, the ALJ concluded it was unnecessary to consider whether appellee's alleged impairments rendered appellee disabled within the meaning of the Act. The ALJ's decision to deny appellee's application for disability insurance benefits was upheld by the Secretary.

Appellee sought review of the Secretary's decision in district court. The district court rendered a brief opinion which we reproduce in its entirety.

The only issue presented by this case is whether Plaintiff has met the burden of establishing net earnings in excess of $400 yearly, as required by Sec. 213(a)(2) of the Act. The undisputed documentary evidence presented at the hearing consisting of photocopies of U.S. Self-Employment Tax returns with proof of payment, and receipt of sales, for the years 1973, 1974, and 1975 establish these facts beyond any doubt. (Tr. 101–129).

The decision of the Secretary is reversed and it is ORDERED that Judgment be entered granting Plaintiff the benefits sought pursuant to the Act.

On appeal the Secretary contends that the district court erred in applying a *de novo*, rather than a substantial evidence standard to review his finding concerning appellee's insured status and that under the substantial evidence standard, his finding should have been upheld. Appellant also contends that, assuming the court correctly found that appellee meets the insured status requirement, the court erred in granting appellee's application for benefits rather than remanding the matter to the Secretary for consideration of whether appellee is unable to engage in any "substantial gainful activity." 42 U.S.C. § 423(d).[3]

 It is not clear from the district court's opinion what standard it applied to review the Secretary's finding. The court's characterization of the "undisputed documentary evidence" as establishing the critical facts "beyond any doubt" may suggest that it felt that there was no substantial evidence supporting the finding. On the other hand, the court's characterization of the documentary evidence as "undisputed" suggests a disregard of other evidence which is inconsistent with the proper scope of its review. The court should have reviewed this finding solely to determine whether it is supported by substantial evi-

---

2. "(a) For the purposes of this subchapter—
 (1) The term 'quarter', and the term 'calendar quarter' means a period of three calendar months ending on March 31, June 30, September 30, or December 31.
 (2)(A) The term 'quarters of coverage' means—
 (i) for calendar years before 1978, and subject to the provisions of subparagraph (B), a quarter in which an individual has been paid $50 or more in wages (except wages for agri-
cultural labor paid after 1954) or for which he has been credited (as determined under section 412 of this title) with $100 or more of self-employment income[.]"

3. We note with dissatisfaction that appellant has failed throughout his brief to include in his citations references to the specific page or pages on which we can find support for the point for which the case is being cited.

dence. *Fisher v. Secretary of U. S. Dept. of H.E.W.*, 522 F.2d 493, 496 (7th Cir. 1975); *O'Brien v. Finch*, 415 F.2d 802, 804 (5th Cir. 1969); *Celebrezze v. Maxwell*, 315 F.2d 727, 729–30 (5th Cir. 1963) (Tuttle, C. J.); *Torres v. Secretary of H.E.W.*, [Jan. 1977–Jan. 1978 Transfer Binder] Unempl. Ins. Rep. (CCH) ¶ 15,420 (D.P.R. 1977); *Acevedo v. Secretary of H.E.W.*, 372 F.Supp. 455, 458 (D.P.R. 1973); *Garner v. Richardson*, 339 F.Supp. 1126, 1127, 1129, 1131 (N.D.Miss. 1971); *Hernandez v. U. S. Secretary of H.E.W.*, 307 F.Supp. 338, 341 (D.P.R. 1969); *see Bender v. Celebrezze*, 332 F.2d 113, 116 (7th Cir. 1964); *Provine v. Celebrezze*, 314 F.2d 48, 49 (5th Cir. 1963).

██ We hold that under the substantial evidence test the Secretary's finding should be upheld. The district court focused on one part of the record, appellee's self-employment tax returns and accompanying sales receipts. These documents do indicate that from 1973 through 1975 appellee's net income was more than $400 each year. The Secretary was not bound to give these controlling weight, however, in a case such as this where there is other evidence which contradicts them. *Bender, supra*; *Torres, supra*; *Garner, supra*, 339 F.Supp. at 1134; *Hernandez, supra*, 307 F.Supp. at 342. Here, the documents submitted into evidence indicate that amounts greater than $400 were earned, but the testimony of appellee's witnesses at the administrative hearing was to the contrary.[4] It is within the province of the Secretary to resolve conflicts in the evidence. *O'Brien, supra*; *Maxwell, supra*, 315 F.2d at 730; *Torres,*

*supra*; *Acevedo, supra*; *Garner, supra*. Considering the record as a whole, the Secretary's resolution of those conflicts, discrediting the documents and finding that the amount appellee earned per year during 1973 through 1975 was less than $400, is supported by substantial evidence.

Since we reverse the district court on the question of whether appellee met the earnings requirement, we need not reach the issue whether the court erred in granting his application despite the fact that the Secretary had not considered whether appellee's impairments were disabling. *But see Torres v. Secretary of H.E.W.*, 475 F.2d 466, 468–69 (1st Cir. 1973).

Because appellee did not appeal from the judgment entered below, we lack appellate jurisdiction to consider appellee's claim that he was denied due process when the ALJ proceeded with the hearing on his application despite the fact that he was not in attendance due to illness. We note, however, that, although appellee was represented by counsel at the hearing, no motion for continuance was made nor was any objection voiced to the holding of the hearing. Therefore, we suspect appellee's due process claim is frivolous.

*The judgment of the district court is reversed and the Secretary's decision affirmed.*

---

4. The testimony of the two witnesses at the administrative hearing, appellee's son and brother, was to the effect that appellee was too sick during the years in question to do much farming on his one acre of land and that, even though he received some assistance from his wife and sons, he did not raise much more than his family needed for personal consumption. Viewing the testimony in the light most favorable to appellee, it appears that he earned no more than one to two hundred dollars in any one year.

Moreover, the Secretary found not only that the testimony of the witnesses conflicted with the documents, but also that the documents themselves were in some respects suspect.

This finding, too, is supported by the record. Some of the receipts were vague as to the dates of sale (*e. g.*, "1975," "October and November 1975"), others listed products which were not the kind that appellee's son and brother testified that he raised (*e. g.*, avocados), and on one receipt the date had been altered. The Secretary inferred from these facts that the receipts were prepared solely for the purpose of obtaining disability benefits. While we might not have drawn the same inference, it was a reasonable one for the Secretary to draw and, therefore, it is entitled to be upheld by the courts reviewing this case. *Maxwell, supra*, 315 F.2d at 730.