**Gladys MUÑIZ, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 83–1487 HL.**

United States District Court,
D. Puerto Rico.

July 9, 1984.

Rafael A. Oliveras López de Victoria, Santurce, P.R., for plaintiff.

## OPINION AND ORDER

LAFFITTE, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended (the Act), for review of a final decision of the Secretary of Health and Human Services (the Secretary) denying plaintiff's application for widow's disability insurance benefits.

The only issue before us is whether there is substantial evidence in support of the Secretary's decision. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Velez v. Secretary of Health, Education and Welfare*, 593 F.2d 157 (1st Cir.1979).

Plaintiff filed an application for widow's disability insurance benefits on July 29, 1981, claiming that she became disabled in 1979 due to a nervous condition, a cerebello pontine angle meningioma and varicose veins. (Tr. 56.) This application was denied at all stages of the administrative proceedings, after which she appealed to this Court.

■ The test for disability of a widow claiming benefits under Section 223 of the Act is more severe than that required for worker's disability benefits. The standard for a widow is that the impairment must be sufficiently severe to preclude her from engaging in "any gainful activity," not merely in "any substantial gainful activity." "Disability", for the purpose of widow's disability benefits, is determined strictly by medical evidence alone. Nonmedical factors, such as age, education, and work experience, all of which must be considered by the Secretary in worker's disability claims, must be excluded from consideration in widow's disability claims. Section 223(d)(2)(B) of the Act; *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218 (1st Cir.1981); *Solis v. Secretary of Health, Education and Welfare*, 372 F.Supp. 1223, 1225 (DPR 1973).

Furthermore, in the case of widow's disability benefits, the regulations provide that she would be found to be under a disability only if one of two tests is met: (1) her impairments are expected to result in death or to last for at least twelve months and are found in the "Listing of Impairments" promulgated by the Secretary; or (2) her impairments meet the above duration requirement and although they are not found in the "Listing of Impairments", they are found to be medically equivalent. Title 20 CFR Sec. 404.1577–78; *Rodriguez v. Secretary of Health and Human Services, supra.*

■ The burden of establishing widow's disability is, therefore, a heavy one. The standard is not inability to be hired, but complete inability to work. *Zanoviak v. Finch*, 314 F.Supp. 1152, 1153 (W.D.Pa. 1970); *Solis v. Secretary of Health, Education and Welfare, supra.*

■ With this background in mind, we have thoroughly reviewed the whole record of this case and we find substantial evidence in support of the Secretary's decision.

The medical evidence in the record shows that plaintiff underwent brain surgery in 1979 for removal of a tumor. (Tr. 81.) As a sequelae of the operation, plaintiff has positive Bells sign OS, left peripheric facial paresis, clavicular and trapezium atrophy secondary to lesion of the accessory spinal nerve, loss of left audition, pain in the left shoulder and supraclavicular left fossa,

burning on wound with exposure to the sun, positional and non-positional dizziness associated with nausea, allergic rhinitis with conjunctivial irritation and photophobia, numbness of right flank and waist and aberration of taste with bitter flavor. (Tr. 143.) The surgeon who performed the operation found two years after that it had been a total success and that the minor abnormalities left were expected after this kind of operation. (Tr. 124.)

There is also medical evidence that plaintiff suffers from varicose veins, severe (Tr. 148), and severe dysthymic disorder (Tr. 153).

The applicable category of impairment in the Secretary's Listing provides as follows:

"11.07   Cerebral palsy with:

.    .    .    .    .

B.   Abnormal behavior patterns, such as destructiveness or emotional instability; or

C.   Significant interference in communication due to speech, hearing, or visual defect; ..."

The consultative physician who examined the claimant upon request of the Secretary did not find evidence equivalent to the above described impairment. (Tr. 132–134.) We are aware that some of the physicians indicated that plaintiff is disabled to a significant degree. (Tr. 144, 148, 151.) Nevertheless, it is not within our power to pass upon the credibility of the medical consultants or to balance the medical evidence; this is the exclusive duty of the Secretary. *Soto Crespo v. Secretary Of Health, Education And Welfare*, 590 F.2d 405 (1st Cir.1979). The opinion of a medical consultant may outweigh the treating physician's conclusion of disability. *Sitar v. Schweiker*, 671 F.2d 19, 22 (1st Cir.1982); *Rodriguez v. Secretary Of Health And Human Services, supra*, at p. 222.

In this case, the report of Dr. Iván Pérez Nazario is further corroborated by the report of Dr. Leonard Malis, who performed the operation (Tr. 124), plaintiff's own description of her daily activities at the Agency's interviews (Tr. 58), and the Administrative Law Judge's own observations of her demeanor at the hearing.

WHEREFORE, we find that Plaintiff has failed to meet the more stringent test for widow's disability insurance benefits and that we are bound by the Secretary's decision in this case. The Clerk is ORDERED to enter judgment dismissing the complaint.

IT IS SO ORDERED.