**Amalia GARCIA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 83–1854 HL.**

United States District Court, D. Puerto Rico.

Aug. 6, 1984.

Vincente Pérez Díaz, San Juan, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

This action is brought under the provisions 42 U.S.C. § 205(g) of the Social Security Act, as amended (the Act), to obtain judicial review of a final decision of the Secretary of Health and Human Services (the Secretary) denying plaintiff's claim for mother's insurance benefits.

Plaintiff filed an application for mother's benefits on account of the deceased wage earner on August 14, 1978, and was awarded the benefits beginning in August 1978. Plaintiff's benefits were terminated when Elpidia Espinosa filed a claim for mother's benefits on the same account.

The Social Security Act Section 216(h)(1)(B), as amended, 42 U.S.C. § 416(h)(1)(B), provides that a woman who does not meet the requirements of a widow under applicable state law may nevertheless be deemed to be validly married to the insured individual if she meets all of the following conditions: (1) she in good faith went through a marriage ceremony with the insured individual, not knowing of the legal impediment which made the marriage invalid; (2) the legal impediment resulted from a prior undissolved marriage or otherwise arising defect in the procedure followed in connection with such purported marriage; (3) she was living in the same household with the insured individual at the time of his death; (4) at the time she filed her application of the insured individual she still remains a widow.

Elpidia Espinosa (wife number three) married the deceased wage earner, César Genera Delgado, M.D., on November 9, 1961, in Mexico. She bore him only one child, Nora. In August 1964 she separated

from him, but never got a divorce. According to 42 U.S.C. § 416(h)(1)(B), she is the legal widow entitled to the benefits until her child reaches the age of 18 years. Espinosa was awarded the mother's benefits in accordance with the law until August 6, 1980, when her child became 18 years old. Thereafter, plaintiff, wife number five, with whom the deceased wage earner lived until his death on August 1, 1978, filed another application for father's insurance benefits.

Plaintiff had received mother's benefits on behalf of her two children until Elpidia Espinosa, who resided in Mexico, filed a claim on the same account. Plaintiff's benefits ceased pursuant to 42 U.S.C. § 416(h)(1)(B), that further provides that the entitlement of a person to monthly benefits who qualifies as a widow under this section shall end with the month before the month in which the Secretary certifies another person's monthly benefits as the legal widow of the insured individual.

Plaintiff requested reconsideration of the termination and her claims for benefits were denied. The Administrative Law Judge (ALJ), before whom plaintiff appeared after requesting a hearing, found that plaintiff was entitled to mother's benefits. The Appeals Council, on its own motion, reviewed the ALJ's decision, and remanded the case for further proceedings. Upon remand the ALJ, in a recommended decision, found that plaintiff was not entitled to mother's benefits. This decision became final when adopted by the Appeals Council on June 9, 1983.

■ The issue before the ALJ was whether plaintiff, at the time of the death of her husband, was the legal widow. Under the laws of the Commonwealth of Puerto Rico, where there are two or more conflicting marriages, the later marriage is presumed valid absent proof that the prior marriage was contracted and that it did not terminate. *Cruz v. Ramos*, 70 PRR 681, 690 (1949). The burden of proof rests with the spouse of the prior marriage.

■ Espinosa has met both requirements to overcome the presumption that plaintiff's marriage was valid. First, she presented an official document from the Mexican Civil Registry indicating where the marriage certificate can be found. Secondly, the Central Civil Administrative Registry Office of Mexico had certified that their records showed no evidence of a divorce. Lastly, a search of the divorce records in Mexico and Puerto Rico from the date of Espinosa's marriage to the date of the wage earner's death failed to reveal that Espinosa's marriage had ever ended.

Plaintiff contends that she is re-entitled to mother's benefits because (1) she is the legal widow of the deceased wage earner, and (2) under *Woodson v. Schweiker*, 656 F.2d 1169, 1171–1173 (5th Cir.1981), her benefits should have resumed once Espinosa's entitlement as legal widow ended.

■ Plaintiff's basis for her first argument is that Espinosa's marriage should be considered null because of the deceased wage earner's deportation from Mexico in 1960. However, no support is provided for plaintiff's contention. Furthermore, even if the argument were valid, the Appeals Council is not a competent court to declare the nullity of a marriage. *Sepulveda v. Secretary of Health and Human Services*, 570 F.Supp. 1423, 1425 (D.P.R.1983).

■ Plaintiff's second argument pertaining to the Fifth Circuit's decision in the *Woodson* case, *supra*, is not binding on this Court. Other circuits have decided the issue differently. See, *Martin v. Harris*, 653 F.2d 428, 433 (10th Cir.1981); *Dwyer v. Califano*, 636 F.2d 908, 912 (3rd Cir.1980); *Davis v. Califano*, 603 F.2d 618, 628–629 (7th Cir.1979). The First Circuit, however, has not yet ruled on the matter.

■ Plaintiff also contends that her constitutional rights were violated because no hearing was held after the Appeals Council remanded the case to an Administrative Law Judge. However, plaintiff has already received a hearing on the issue. Accordingly, plaintiff has failed to establish a due process violation.

The scope of the Court's review cannot be expanded under 42 U.S.C. § 405(g). Review is limited as to whether there is substantial evidence in the record as a whole to support the findings of the Secretary. See, *Reyes Robles v. Finch*, 409 F.2d 84, 86 (1st Cir.1969); *Velez v. Secretary of Health and Human Services*, 593 F.2d 157, 159–160 (1st Cir.1979). Our review reflects that the Secretary reached a reasonable conclusion based on all the evidence of the record in finding plaintiff not entitled to mother's benefits.

IT IS SO ORDERED.