**Antonia NEVAREZ, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 84–0120 GG.**

United States District Court, D. Puerto Rico.

Feb. 28, 1985.

unconstitutional. Needless to say, this Court politely declines such a bold invitation.

Francisco J. Hernandez Rentas, Bayamón, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to review the final determination of the Secretary of Health and Human Services (the Secretary), which denied plaintiff's application for widow's disability insurance benefits.

Plaintiff is the 59 year old widow of Joaquin Torres, a wage earner, who died fully insured on August 14, 1979. (Tr. 145) On August 17, 1982, plaintiff applied for widow's disability insurance benefits. Her application was denied at all stages of the administrative proceedings and she appeals to this court. (Tr. 2–5, 135–140).

■ On appeal, we cannot make a *de novo* determination of plaintiff's claim. The scope of our review is limited to determining whether, upon inspection of the record as a whole, there is substantial evidence to support the findings of the Secretary. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Vélez v. Secretary of Health, Education and Welfare*, 593 F.2d 157 (1st Cir.1979). Accordingly, a court must affirm the Secretary's decision even if the record arguably supports a different result, so long as the Secretary's findings are adequately substantiated by evidence which a reasonable mind might accept in support of a conclu-

**1034**

sion. *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966).

■ Title 20, § 404.1577 provides that in order to be entitled to receive widow's disability insurance benefits, a claimant has the initial burden of establishing by competent medical evidence that she is impaired and that her impairment is at such a level of severity that she is prevented from doing any gainful activity. In making this determination, the Secretary will not consider a claimant's age, education, and work experience.

The Secretary will find a widow to be disabled if her impairments are the same or are medically equivalent to those included in the Listing of Impairments in Appendix 1. 20 C.F.R. § 404.1578. Furthermore, § 404.1526 provides in part:

(a) How medical equivalence is determined. We will decide that your impairment(s) is medically equivalent to a listed impairment in Appendix 1 if the medical findings are at least equal in severity and duration to the listed findings. We will compare the symptoms, signs, and laboratory findings about your impairment(s), as shown in your claim, with the medical criteria shown with the listed impairment. If your impairment is not listed, we will consider the listed impairment most like your impairment to decide whether your impairment is medically equal. If you have more than one impairment, and none of them meets or equals a listed impairment, we will review the symptoms, signs, and laboratory findings about your impairments to determine whether the combination of your impairments is medically equal to any listed impairment.

In the case at hand, the Secretary found that plaintiff had established the existence of hypertension, diabetes mellitus, depression and arthralgias, but that she was not disabled since these impairments did not meet those listed in Appendix I (20 C.F.R. § 404.1526). (Tr. 8–13) Upon considering the record as a whole, we find that the Secretary's final determination of nondisa-

bility is not supported by substantial evidence.

On June 30, 1982, Dr. Luis Raúl Ríos-Mellado, a psychiatrist, examined plaintiff. Throughout the examination, plaintiff was cooperative but not spontaneous. The doctor found that plaintiff's production of thought was scarce but logical. In his report, the doctor indicated that while plaintiff's personality was not presently disorganized, she was not capable of involving herself in any type of remunerative or repetitive work nor of handling her own funds. He diagnosed plaintiff as having severe depressive neurosis and concluded that prognosis was poor. (Tr. 184–186) In a separate questionnaire, the doctor indicated that plaintiff did not have the capacity to (1) meet people; (2) sustain attention and perform routine tasks; (3) tolerate work pressures; (4) communicate with the supervisor and co-workers; (5) carry out instructions; (6) adjust to a competitive work situation; and (7) tolerate criticisms. (Tr. 190)

In a report dated July 7, 1982, Dr. José F. Irizarry, an internist, diagnosed plaintiff as having (1) diabetes mellitus, uncontrolled; (2) dialectic peripheral neuropathy; (3) venous insufficiency of the legs with stasis changes; (4) ostero-arthritis; (5) arterial hypertension, uncontrolled; and (6) premature ventricular contractions. (Tr. 193–195)

On September 23, 1982, plaintiff was examined by internist, Dr. Claudio Renjifo-Romero. The doctor found that plaintiff had ASHD, angina pectoris, diabetes mellitus type II (needing insulin) and congestive heart failure (controlled at present). In addition, the doctor found that plaintiff's blood pressure was uncontrolled and that plaintiff had articular pains associated with arthrosis. He indicated that plaintiff could not perform simple house duties. (Tr. 173–176)

Finally, during the administrative hearing, Dr. Roberto Rodríguez, a medical advisor, testified that the combination of plaintiff's impairments equaled a listing in

Appendix I and concluded that her condition was disabling. (Tr. 45)

 The aforementioned medical reports clearly support no other conclusion but that plaintiff suffers from a combination of impairments which disables and prevents her from engaging in any kind of gainful activity. It is a mystery to us how the Secretary could rule otherwise since the evidence presented, diagnosing both physical and mental disabilities, remained wholly uncontroverted. According to the ALJ, the only psychiatric evaluation of the plaintiff was dismissed on the basis that it was controverted by plaintiff's behavior during the lower levels of the administrative proceedings, and that no other evaluating physician reported a mental impairment.

■ We are mindful of the fact that it is the role of the Secretary to consider a claimant's demeanor in making a determination, *Soto Crespo v. Secretary of Health, Education and Welfare*, 590 F.2d 405 (1st Cir.1979), but demeanor evidence alone, without any other supporting evidence, cannot constitute substantial evidence. *See Colwell v. Gardner*, 386 F.2d 56 (6th Cir.1967). A claimant's demeanor can certainly lessen the weight of an existing medical opinion, but it cannot serve to completely override it, absent any other supporting evidence.

■ With respect to the ALJ's latter basis for dismissing the psychiatric opinion, we cannot overlook the fact that only one of the evaluating physicians was a psychiatrist. Thus, no other physician was qualified enough to give a credible assessment of plaintiff's mental condition. The mere fact that there was only one psychiatric evaluation of plaintiff's mental state cannot serve as the basis for giving it little credibility or for dismissing it altogether when there is no other expert opinion in contradiction.

Query how close to her spouse's fate must plaintiff come before she is entitled to widow's benefits. Indeed, we are cognizant of the strict standard employed in determining a widow's eligibility for dis-

ability insurance benefits. The Act is far more restrictive when applied to a widow than to a wage earner since non-medical factors cannot be considered in making a determination of disability. *See* 20 C.F.R. § 404.1577; *Rodríguez v. Secretary of Health and Human Services*, 647 F.2d 218 (1st Cir.1981). But this standard cannot be used to defeat the overwhelming and uncontroverted evidence supporting plaintiff's disability nor the legislative intent of aiding a non-wage-earning and disabled widow upon the loss of both her husband and her primary source of income.

WHEREFORE, in view of the foregoing, the decision of the Secretary is hereby reversed and this case is remanded for computation of benefits.

SO ORDERED.